| | |
|---|---|
| Joshua B. Swigart (SBN 225557)<br>Josh@SwigartLawGroup.com<br>Juliana G. Blaha (SBN 331066)<br>Juliana@SwigartLawGroup.com<br>**SWIGART LAW GROUP, APC**<br>2221 Camino del Rio S, Ste 308<br>San Diego, CA 92108<br>P: 866-219-3343 | Daniel G. Shay (SBN 250548)<br>DanielShay@TCPAFDCPA.com<br>**LAW OFFICE OF DANIEL G. SHAY**<br>2221 Camino del Rio S, Ste 308<br>San Diego, CA 92108<br>P: 619-222-7429 |

*Attorneys for Plaintiff*
*Susan Alvarez*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN ALVAREZ, individually and on behalf of others,<br><br>              Plaintiff,<br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>              Defendant. | Case No.: **'20 CV 2460 BEN BGS**<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ. |

Complaint                                    1

## INTRODUCTION

1. Susan alvarez ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Capital One Bank (USA), National Association ("Defendant"), in negligently, and/or willfully contacting Plaintiff and class members for alleged debt on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading their privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of San Diego, within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national association with its principal place of business is Virginia.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

///

## FACTUAL ALLEGATIONS

7. At all times relevant, Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

8. From around 2006 to late 2019, Plaintiff incurred a credit card debt owed do Defendant.

9. Around late 2019, Plaintiff fell behind on the payments and Defendant began a relentless campaign of robo calls to Plaintiff's cell phone attempting to collect.

10. Plaintiff then retained an attorney to address the debt situation and stop the harassment.

11. On December 20, 2019, Plaintiff, through her attorney, faxed Defendant a letter that read; "Please cease further communication with me." The letter included Plaintiff's full name, address and last four digits of her social security number to ensure Defendant could locate the account. The letter was faxed to three different fax numbers belonging to Defendant.

12. From around December 21, 2019 to at least December 28, 2019, Defendant called Plaintiff's cell phone with a pre-recorded or artificial voice multiple times.

13. Plaintiff had revoked any prior express consent Defendant may have believed it had to robo-dial Plaintiff.

14. Defendant's calls to Plaintiff were made with "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

15. On information and belief, Defendant's calls to Plaintiff were also amade with an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator without human intervention.

16. Plaitiff's telephone number that Defendant called was assigned to a cellular telephone service as outlined in 47 U.S.C. § 227 (b)(1)(A)(iii).

17. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).
18. The telephone call made by Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).
19. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
20. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.
21. The invasion caused concrete harm to Plaintiff in the form of harassment and intrusion similar to trespassing which has been unlawful for hundreds of years, with no actual damages required for the harm.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of Plaintiff and on behalf of Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).
23. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States that received any call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system, or with a pre-recorded or artificial voice, within the four years prior to the filing of this Complaint.

24. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

Complaint 4

25. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members by making calls to their cellular telephones with a pre-recorded or artificial voice and/or a automatic telephone dialing system for the purposes of collecting alleged debt, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. <u>Numerosity</u>: The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant' records or Defendant' agents' records.

28. <u>Commonality:</u> There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the last four years, Defendant or its agent(s) placed any artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

29. <u>Typicality:</u> As a person that received at least one alleged debt collection call via an ATDS or an artificial or prerecorded voice message to their cell phones, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

30. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. <u>Adequacy:</u> Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the Telphone Consumer Protection Act, 47 U.S.C. § 227 et seq. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.A class action is a

superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

33. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

　　a.　Class-wide damages are essential to induce Defendant to comply with California law.

　　b.　Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

　　c.　Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

　　d.　Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

　　e.　Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of effort and expense that numerous individual actions would endanger.

  f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

34. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendant recorded their telephone conversations without Class Members' knowledge or consent.

35. The Class may also be certified because:
    - the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to
    - individual Class Members, which would establish incompatible standards of conduct for Defendant;
    - the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
    - Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

37. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

# FIRST CAUSE OF ACTION
# NEGLIGENT VIOLATIONS OF THE
# TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant's calls to Plaintiff's cellular telephone for the collection of alleged debt constitutes negligent violation of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

# SECOND CAUSE OF ACTION
# KNOWING AND/OR WILLFUL VIOLATIONS OF THE
# TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 ET SEQ.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant's actions constitute knowing and/or willful violation of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

///

45. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

46. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for Plaintiff and each Class member $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages for Plaintiff and each Class member, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

///
///
///
///
///
///
///
///

**TRIAL BY JURY**

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

**SWIGART LAW GROUP, APC**

Date: December 17, 2020

By: *s/ Juliana G. Blaha*
Juliana G. Blaha, Esq.
Juliana@SwigartLawGroup.com

Attorneys for Plaintiff